[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 122.]

IN RE APPLICATION OF KAPEL.

[Cite as *In re Application of Kapel*, 1999-Ohio-304.]

*Attorneys at law—Application to take Ohio Bar Examination denied when applicant fails to prove his character and fitness to practice law—Applicant never to be admitted to the practice of law in Ohio—Gov.Bar R. I(12)(C)(6), applied.*

(No. 99-507—Submitted July 28, 1999—Decided October 13, 1999.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 153.

———————————

{¶ 1} After our decision in *In re Application of Kapel* (1995), 72 Ohio St.3d 532, 651 N.E.2d 955, denying applicant, Kevin M. Kapel, permission to sit for the February 1995 Ohio bar examination, applicant applied to take the July 1996 bar examination. The Geauga County Bar Association disapproved, and in August 1996, the Board of Commissioners on Character and Fitness of the Supreme Court ("board") appointed a panel to hear the applicant's appeal of that disapproval. The hearing which was twice delayed was eventually rescheduled for April 10, 1998.

{¶ 2} As a result of the April 1998 hearing at which applicant represented himself, the panel found that in October 1995, applicant's former girlfriend charged him with menacing and with theft of her cat, but those charges were later dropped with the understanding that applicant would pay court costs. The panel also found that in 1996, applicant received two traffic citations and an additional traffic citation in October 1997. Further, in November 1997, applicant was charged with trespassing when he attempted to recover his automobile from a transmission shop. During a deposition of applicant's former girlfriend on June 3, 1998 in connection with the hearing, applicant engaged in an acrimonious colloquy with Judge Sara

Lioi, a panel member, because she declined to allow applicant to have his sixteen-year-old daughter act as his assistant during the deposition.

{¶ 3} The panel concluded that even after our decision in *In re Application of Kapel,* applicant continued to demonstrate a pattern of disregard of, or willful disobedience of, societal constraints and a continued propensity to violate rules and regulations. It concluded that applicant's conduct while his applications to sit for the bar were pending and his conduct during the panel hearings indicated that he did not currently possess the requisite character and fitness to practice law in Ohio and was unlikely ever to meet such requirements. The panel recommended that his application to practice law be denied and that he not be permitted to reapply. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Richard J. Makowski,* for Geauga County Bar Association.

*Alvin E. Mathews, Jr.*, for applicant.

_____

***Per Curiam.***

{¶ 4} Gov.Bar R. I(12)(C)(6) provides that in the hearing on appeal to the Board of Commissioners on Character and Fitness from an adverse recommendation by a bar association admissions committee, "The burden of proof * * * shall be on the applicant to establish by clear and convincing evidence the applicant's present character, fitness, and moral qualifications for admission to the practice of law in Ohio." After reviewing the record, we also find that applicant did not present clear and convincing evidence of his qualifications.

{¶ 5} Therefore, we concur with the board's findings, conclusions, and recommendation. Applicant's application to sit for the Ohio bar examination is hereby denied, and applicant is never to be admitted to the practice of law in Ohio.[1]

_____

1. Our review indicates that in October 1996, applicant applied to take the February 1997 bar

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent and would permit applicant to reapply in two years.

––––––––––––––––––

examination. Our denial includes denial of that application.